The appellee sued the railway company for damages sustained by a car falling upon him when he was working under the same. Verdict and judgment in his favor for $3,625.
It appears from the facts as alleged and proven that the plaintiff was one of a gang of servants under the control of a foreman by the name of Showers who was engaged in replacing a derailed car upon appellant's track. The acts of negligence alleged are that Showers, as foreman, caused hydraulic jacks to be placed upon the ball of the rail without any other support, and undertook to raise the car by the jacks so placed, and that after the car was partially raised the trucks on the side where the plaintiff was working came loose, and Showers then negligently instructed the plaintiff to go under the car and chain the trucks to a piece of timber attached to the bottom of the car; that in obedience to this order the plaintiff went under the car, and when preparing to fasten the trucks to the car, the car fell over on him and caused his injuries; that after the plaintiff got under the car Showers negligently caused the jacks on the opposite side to be operated, thereby raising that side of the car and causing it to fall over on the plaintiff; that the plaintiff in going under the car did so in obedience to the orders of the foreman, relying upon his superior knowledge and judgment, and believed that it would be safe for him to obey the orders; that after the car had been jacked up the foreman negligently failed to brace the same.
The defendant pleaded general denial, and that replacing the car on the track was a dangerous and hazardous business, and in view of its situation and the surroundings the danger was known to the plaintiff, and that the plaintiff was warned of the danger and directed to be careful, and that the defendant used safe and customary tools for the protection of its employes in replacing derailed cars under similar circumstances; and that at the time the car fell and caused the alleged injuries to the plaintiff, nothing was being done to the car by the employes of the defendant, and that its fall was of its own motion, without any fault on the part of the defendant or its employes; and pleaded assumed risk and contributory negligence, and that after the plaintiff got under the car, if the jacks were in operation under the *Page 265 
direction of Showers, the plaintiff could have seen it or heard it; and that he was guilty of contributory negligence also in remaining in his dangerous position. All of the grounds of negligence pleaded by the plaintiff were submitted to the jury.
Appellant's fifth and sixth assignments of error complain of the following charge of the trial court:
"Now if you believe from the evidence that the hydraulic jacks used by the defendant to raise said car were placed upon the ball of the steel rails of the track by the foreman's order, and the car then raised by said jacks, and was not in any manner propped, fixed or supported so as to prevent the same from falling or tilting over, and that while it was in this condition plaintiff went under said car in obedience to an order of the foreman Showers, and that while under it, in the discharge of his duty under such order, said car fell on him without negligence on his part, by reason of the same not being properly braced or propped, and that the failure of said Showers to have the same braced or propped constituted negligence on his part, and that plaintiff was injured as a result thereof; or if you believe that plaintiff went under said car in obedience to the order of said Showers, and that while he was thereunder said Showers placed a jack under the opposite side and began jacking up the same, and directed said Robinson to also operate the jack used by him, and that he did so, and that by reason thereof, or of either, said Showers operating his jack, or of Robinson under the orders of said Showers, operating his jack, said car was caused to fall on plaintiff; and you further believe that such action on the part of said Showers constituted negligence on his part, and that plaintiff in going under said car under the circumstances as shown by the evidence exercised ordinary care, and did so in compliance with the orders of said Showers, believing that he could do as he had been directed with safety to himself, and relying on the judgment and experience of said Showers in attempting to execute such order, and you further believe that either of said acts of said Showers, of which plaintiff complains as causing said car to fall upon him, if you find that either did cause it to fall, was negligence on Showers' part, and that plaintiff was injured as the result of such negligence; then in either event, if you so find, you will find for plaintiff, and the burden of proof rests upon plaintiff to establish such negligence on the part of Showers, and that he was injured as a result thereof, by a preponderance of the evidence.
"On the contrary, if you believe from the evidence that plaintiff's injuries were the result of an accident that was ordinarily incident to his employment at that time, and that it occurred without any negligence, as charged on the part of said Showers; or if you believe that said car was caused to fall upon the plaintiff by said Robinson jacking up his side of the car while the plaintiff was thereunder, and that Robinson did so of his own accord, without being directed thereto by Showers; or if you believe from the evidence that the dangers incident to said work were equally apparent to the plaintiff and defendant, and that said Showers was not guilty of negligence as charged; or that plaintiff was warned of the danger and that he heard such warning and direction to be careful lest he get hurt, and that his injuries were not *Page 266 
occasioned by any negligence on the part of Showers; or if you believe from the evidence that defendant employed reasonably safe and the usual and customary means and tools for the protection of its employes in attempting to replace said car, and its foreman Showers exercised ordinary care for the protection of plaintiff while working thereat; or that said car fell of its own motion, without any negligence on the part of said Showers; or if you believe from the evidence that plaintiff, while under the car, could by the exercise of ordinary care have seen and heard the working, if they were being worked, of the jack or jacks on the other side of the car from him, and that he failed to do so, and that such failure, if any, was negligence on his part, and that he was injured as a result of such negligence, and that no negligence of Showers, as charged, contributed to or aided in causing said injuries, then in either event, if you so find, you will find for the defendant."
The court previous to these charges had instructed the jury generally upon the subject of assumed risk, and the duty of the foreman to exercise care for the safety of the plaintiff while engaged in the work. We find no error in the first part of the charge quoted, provided that portion of the charge set out which subsequently qualified and explained it had been properly framed. In this latter part of the charge the jury is instructed, among other things, that if they believed from the evidence that the dangers incident to the said work were equally apparent to the plaintiff and defendant, and that said Showers was not guilty of negligence, or that plaintiff was warned of the danger and he heard such warning and direction to be careful, lest he get hurt; and that his injuries were not occasioned by the negligence on the part of Showers, then follows the subsequent statement that if either of these facts exist, to find for the defendant.
We are of the opinion that this part of the charge is erroneous. As above stated, the court had generally instructed the jury on the subject of assumed risk, but this charge makes the right of the defendant to a verdict depend upon the fact that Showers was not guilty of negligence. That part of the negligence of Showers that occurred after the plaintiff got under the car, would not be a risk assumed by the plaintiff, unless he became aware of the danger that might result from the act of Showers in operating the hydraulic jack in time sufficient for him to escape. That would possibly be more properly a question of contributory negligence than one of assumed risk; but if the plaintiff was aware of the danger or it was obvious and apparent, or if he should in the exercise of common prudence or ordinary care have necessarily become aware of the danger of going under the car in obedience to the order of Showers, it was a risk that he assumed, notwithstanding Showers may have negligently ordered him to go under there. The car was raised by jacks resting on the ball of the rails without proper support. This the plaintiff alleges as one of the acts of negligence. If it was apparent from the surroundings and the then condition of things and the situation of the car that it was dangerous for him to go under it, notwithstanding the command of Showers, he assumed the risk of whatever injury might result, although Showers was guilty of negligence in *Page 267 
giving him the command and in placing the jacks on the ball of the rails without proper support.
It is true that the plaintiff testified that he did not know that it was dangerous for him to go under the car; but there is evidence in the record tending to show that the work attending replacing the car upon the track in its then situation was dangerous, and that the plaintiff had been warned of the danger. Of course it is true that the servant, as said by the trial court in its charge, does not, by virtue of his contract of employment, assume the risk that might arise from the negligence of the master, but he does assume the risk of dangers that he is aware of or which, in the nature of things, by the exercise of ordinary care, he must know of that are occasioned by reason of the previous negligence of the master. The servant, it is true, as a general thing, can rely upon the direction of the master, and that he will not negligently expose him to danger; but where the danger exists, and the facts and circumstances are such that he becomes aware of it, or should, in the nature of things have known it, and he then voluntarily exposes himself to the perils that might arise, he assumes whatever risks there might be that would proximately result from the dangerous situation that was produced by the previous negligent conduct of the master. Bonnett v. Galveston, H. 
S. A. Ry. Co., 89 Tex. 73; Houston, E. W. T. Ry. Co. v. De Walt, 96 Tex. 133.
The concluding paragraph of the charge quoted is as follows: "Or if you believe from the evidence that plaintiff while under the car could, by the exercise of ordinary care, have seen and heard the working, if they were being worked, of the jack or jacks on the other side of the car from him, and that he failed to do so, and that such failure, if any, was negligence on his part, and that he was injured as a result of such negligence, and that no negligence of Showers, as charged, contributed to or aided in causing such injuries, then if you so find, you will find for the defendant."
We are of the opinion that this charge is erroneous. The servant when ordered by the master, in whose judgment and careful performance of his duties he has a right to rely, to do a certain work which is then under the immediate control and supervision of the master, who is then present and directing it, can, in obeying the order, act upon the assumption that the master will refrain from negligent conduct that might expose the servant to peril; and the latter is not required to exercise diligence in order to discover that the master is personally negligent in putting in motion agencies which might occasion an injury to the servant. But if during the progress of the work which the servant is then engaged in, in obedience to the direction of the master, the latter by his negligent conduct then exposes the servant to peril and the servant becomes aware of that fact in time, by the means and opportunities then existing, to escape from such danger, but negligently fails to do so, he is precluded from a recovery, notwithstanding the master's negligence. While the servant would be excused from looking and listening to discover if Showers was engaged in negligent conduct in causing the jacks to be operated when he was under the car, still he would not be excused, if he actually knew that the jacks were being operated, and he did know *Page 268 
or should have known, as a man of ordinary intelligence, that such negligent operation might cause the car to fall.
It is true that the plaintiff denied any knowledge that the jacks were being operated; but in view of the fact that they were placed so near him, and the noise attending their use could be heard so distinctly, it became a question of fact for the jury to determine whether or not he did hear or see the jacks being operated, and whether he then negligently remained under the car. Of course they must pass upon the question whether the operation of the jacks was of a nature to charge the plaintiff with a knowledge of the danger to which his position exposed him, or that such operation was of a nature that the plaintiff as a man of ordinary experience must or should have known might or would expose him to danger. We do not mean to say that a servant engaged in work under the immediate and personal supervision of the master is not required to exercise ordinary care in looking out for danger from a source other than that produced by the immediate conduct of the master under whose immediate and personal supervision he is working. In such a case, if the situation is such that the exercise of ordinary care would require him for his own safety to look and listen for danger from some other source he must exercise such care, and the mere presence of the master would not necessarily relieve him of that duty.
The reversible error in the paragraph of the charge just quoted consists in the fact that it in effect introduces the rule of comparative negligence. If the plaintiff after going under the car became aware of the fact that his foreman Showers was working the jacks, and it should be determined that this negligent conduct was the proximate cause of the car falling and injuring the plaintiff, and that his situation was dangerous and he had means and opportunities of escaping the danger, but failed negligently to do so, he would be guilty of contributory negligence, and of course could not recover, although the appellant's negligence exposed him to peril. There is no issue of discovered peril in this case; at least, it was not presented by the charge of the court below.
As the case will be reversed for the error in the charge in the two respects pointed out, we will now notice what we consider as prejudicial error to the plaintiff in the last charge, to the effect that the plaintiff was not required to look or listen in order to ascertain that the jacks were being operated, while under the personal control of Showers. He had the right to rely upon the fact that Showers personally would not be guilty of any negligence that would expose him to peril; but if the plaintiff actually discovered that the jacks were being operated, and that such operation exposed him to peril, then, as said before, his remaining in the exposed position would be negligence. The charge in question required the plaintiff to look and listen for the negligent operation of the jacks when they were under the immediate control of Showers.
Some charges were requested, which were refused, which raised questions which our opinion on the questions just discussed practically dispose of. What we have said is a clear intimation of the character of charges that should be given upon another trial, and as in part an explanation of our views we refer to the two cases cited. *Page 269 
Those assignments of error which complain that the verdict is excessive, and that it is against the great weight and preponderance of the evidence, are overruled. We are of the opinion that the verdict is not excessive, and there is evidence tending to establish the acts of negligence alleged.
What we have said is an answer to the eighth and tenth assignments of error.
For the errors pointed out the judgment is reversed and the cause remanded.
Reversed and remanded.